IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DANIEL CHIGBU JASON,

    Plaintiff,

    v.

EMEKA ONUOHA, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:17-CV-1982-TWT

**OPINION AND ORDER**

This is a defamation action. It is before the Court on the Defendants Emeka Onuoha and Henry Emezie's Motion to Dismiss [Doc. 10] for lack of personal jurisdiction. For the following reasons, the Defendants' Motion to Dismiss [Doc. 10] is GRANTED.

**I. Background**

This case originates out of the allegedly defamatory statements the Defendants made about the Plaintiff. The Plaintiff, Daniel Chigbu Jason, is an attorney in Georgia.[1] The Defendant Emeka Onuoha is a resident of Texas, and the Defendant

---

[1] Compl. ¶ 1.

Henry Emezie is a resident of North Carolina.[2] Jason, Onuoha, and Emezie are all immigrants from the town of Nkwerre in Nigeria and are members of a group called the Nkwerre Aborigines Union.[3] Members of the NAU reside all over the world and maintain a group messaging thread on the messaging app "WhatsApp" in order to keep in touch.[4] Jason, Onuoha, and Emezie are also members of the NAU's American chapter, the NAU-USA.[5] The members of the NAU-USA also share several group social media forums on the internet site Yahoo! that are separate from those maintained by the NAU.[6]

On April 16, 2017, the Defendants wrote and published a statement in which they accused the Plaintiff of, among other things, misappropriating the funds of the NAU-USA while he was one of its officers.[7] The Defendants allegedly published this statement on various websites and social media platforms, including the Yahoo! forums and the WhatsApp group chat.[8] The Plaintiff denies the actions alleged in the

---

[2] *Id.* at ¶¶ 2-3.

[3] *Id.* at ¶¶ 9-10.

[4] *Id.* at ¶ 10.

[5] *Id.* at ¶ 12.

[6] *Id.* at ¶ 13.

[7] *Id.* at ¶ 15.

[8] *Id.* at ¶ 16.

statements, and alleges that he has been severely harmed by their publication. The Plaintiff asserts only one substantive claim against the Defendants for defamation.[9] The Defendants now move to dismiss the Complaint for lack of personal jurisdiction.

## II. Legal Standard

"In the context of a motion to dismiss for lack of personal jurisdiction in which no evidentiary hearing is held, the plaintiff bears the burden of establishing a prima facie case of jurisdiction over the movant, nonresident defendant."[10] The plaintiff establishes a prima facie case by presenting "enough evidence to withstand a motion for directed verdict."[11] A party presents enough evidence to withstand a motion for directed verdict by putting forth "substantial evidence . . . of such quality and weight that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions . . ."[12] The facts presented in the plaintiff's complaint are taken as true to the extent they are uncontroverted.[13] If, however, the defendant submits affidavits challenging the allegations in the complaint, the burden shifts back

---

[9] *Id.* at ¶¶ 23-28.

[10] *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988).

[11] *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990).

[12] *Walker v. NationsBank of Florida*, 53 F.3d 1548, 1555 (11th Cir. 1995).

[13] *Foxworthy v. Custom Tees, Inc.*, 879 F. Supp. 1200, 1207 n.10 (N.D. Ga. 1995).

to the plaintiff to produce evidence supporting jurisdiction.[14] If the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff.[15]

### III. Discussion

The Defendants have moved to dismiss under Rule 12(b)(2) for lack of personal jurisdiction. "A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution."[16]

The Georgia long-arm statute provides, in pertinent part:

A court of this state may exercise personal jurisdiction over any nonresident or his or her executor or administrator, as to a cause of action arising from any of the acts, omissions, ownership, use, or possession enumerated in this Code section, in the same manner as if he or she were a resident of the state, if in person or through an agent, he or she: (1) Transacts any business within the state; (2) Commits a tortious act or omission within this state, except as to a cause of action for defamation of character arising from the act; (3) Commits a tortious injury in this state caused by an act or omission outside this state if the

---

[14] *Diamond Crystal Brands, Inc. v. Food Movers Intern., Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010); *Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002).

[15] *Madara*, 916 F.2d at 1514.

[16] *Diamond Crystal*, 593 F.3d at 1257–58 (*quoting United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)).

tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state....[17]

Both parties incorrectly argue that Georgia caselaw allows courts to simply bypass statutory analysis and proceed directly to analysis under the Due Process Clause. As the Eleventh Circuit has correctly pointed out, Georgia's long-arm statute actually "imposes independent obligations that a plaintiff must establish for the exercise of personal jurisdiction that are distinct from the demands of procedural due process."[18] Thus, a defendant must have not only the minimum contacts necessary to satisfy due process, but must also fall under one of the specific provisions of the long-arm statute in order for this Court to have jurisdiction.[19]

The Plaintiff alleges the Defendants are subject to this Court's personal jurisdiction only under subsection (3) of O.C.G.A. § 9–10–91.[20] Under this provision, courts have jurisdiction over a defendant if he (1) commits a tortious injury in

---

[17] O.C.G.A. § 9–10–91.

[18] *Diamond Crystal*, 593 F.3d at 1259.

[19] *Id.* at 1260 ("It is beyond cavil that the exercise of personal jurisdiction in Georgia requires a court to find that at least one prong of the long-arm statute is satisfied.").

[20] Compl. ¶ 7b (the Plaintiff's Complaint contains a typo, as there are two paragraphs labeled "7." To avoid confusion, the Court has labeled the second of these ¶ 7b).

Georgia, and (2) "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state..."[21] The Plaintiff has completely failed to allege that the Defendants satisfy the second prong. The only acts the Defendants are accused of committing are the allegedly defamatory posts that occurred on one occasion.[22] Though the posts were accessible by residents of Georgia, they cannot be said to demonstrate a "persistent course of conduct" in this state.

Thus, the Plaintiff has failed to make a prima facie showing that this Court has jurisdiction because the Complaint does not sufficiently allege that the Defendants have sufficient ties to Georgia under subsection (3) of Georgia's long-arm statute. This Court, therefore, does not have personal jurisdiction over the Defendants, and the Plaintiff's Complaint must be dismissed.

## IV. Conclusion

For the foregoing reasons, the Defendants' Motion to Dismiss [Doc. 10] is GRANTED.

---

[21] O.C.G.A. § 9-10-91(3).

[22] Compl. ¶¶ 15-16.

SO ORDERED, this 23 day of October, 2017.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge